

clusively in all cases where prior to the Act it was applicable. Brownell v. Tom We Shung, 352 U.S. 180, 77 S.Ct. 252, 1 L.Ed.2d 225. Appellant's action in this jurisdiction presents a case or controversy between himself and the Board. Should the evidence establish his case the District Court could declare the revocation invalid, in which event his continued detention would not be supported by the present order of the Board.[5] We need not decide more than that in the special circumstances of this case the present action in the District Court in this jurisdiction is an available alternative to a habeas corpus proceeding in the Northern District of Georgia.

Reversed and remanded.

Mr. Walter J. Bonner, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER, and FAHY, Circuit Judges.

PER CURIAM.

This appeal is from a conviction of robbery. We find no error.

Affirmed.

**Richard M. JAMES, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 14847.**

United States Court of Appeals District of Columbia Circuit.

Argued June 26, 1959.

Decided July 2, 1959.

Mr. Richard A. Mehler, Washington, D. C. (appointed by this court) for appellant.

**Waldo FRANK, Appellant**

**v.**

**Christian A. HERTER, Secretary of State, Appellee.**

**No. 15059.**

United States Court of Appeals District of Columbia Circuit.

Argued June 1, 1959.

Decided July 6, 1959.

**5.** In Fleming v. Tate and Moore v. Reid, supra, in both of which cases the prisoners were confined in the District of Columbia, habeas corpus proceedings were adequate; but these decisions do not control the form of action in the circumstances now before us. And the fact that habeas corpus is not available unless the applicant is under restraint or detention of course does not mean that the validity of every restraint or detention must be tested by habeas corpus. See, for example, 28 U.S.C. § 2255 (1952). Indeed, direct review by appeal from a judgment of conviction is usually had in a court other than that having jurisdiction at the place of detention.